JOURNAL ENTRY AND OPINION
Defendant-appellant Franklin Moore appeals from the trial court's determination, after the sexual offender classification hearing, that he is a sexual predator pursuant to R.C. 2950.09(C).
The record reveals that on March 16, 1982 the appellant pled guilty to raping his four-year-old niece. The trial court sentenced him to a term of incarceration of five to twenty-five years. While on parole from this offense in 1991, the appellant committed another offense and subsequently pled guilty to the sexual battery and abduction of his ex-wife. He was sentenced to a term of incarceration of one and one-half years for the sexual battery and sentenced to a three to ten-year term of incarceration for abducting.
On May 15, 2000, the prosecutor filed a request for pursuit of sexual predator adjudication against the appellant. A second request was filed by the prosecutor on November 7, 2000. These documents each request the trial court to provide notice of the hearing date pursuant to R.C.2950.09(C)(2)(b). On November 30, 2000, the trial court ordered the sheriff to transport the appellant for a House Bill 180 hearing set for December 12, 2000. On December 1, 2000, the court ordered the correctional institution to provide the appellant's records to the prosecutor. On January 30, 2001, the appellant requested the appointment of a forensic psychologist. The motion was granted on February 23, 2001. The record contains the transcript of the sexual offender classification hearing held on May 24, 2001. The trial court's order finding the appellant to be a sexual predator was journalized on June 13, 2001.
The appellant sets forth two assignments of error.
The first assignment of error:
 APPELLANT'S SEXUAL PREDATOR CLASSIFICATION IS CONTRARY TO LAW BECAUSE THE TRIAL COURT DID NOT STRICTLY COMPLY WITH THE NOTICE REQUIREMENTS SET FORTH IN R.C. 2950.09(C)(2)(b), AS REQUIRED UNDER STATE V. GOWDY (2000), 88 OHIO ST.3(d) 387.
The appellant asserts that pursuant to the Ohio Supreme Court's holding in State v. Gowdy (2000), 88 Ohio St.3d 387 a journalized entry giving notice to all parties concerned of the time, date, and place of the sexual offender classification hearing is required. The appellant argues that although in Gowdy, supra, the court was considering the language in R.C. 2950.09(B)(1), the same result should apply herein because the language used by the legislature requiring notice of the hearing is the same in R.C. 2950.09(C)(2)(b).
In order to resolve this issue, we first note that in R.C. 2950.09(C)(1) the legislature set forth the procedure to be followed for determining the status of a sexual predator where an offender has been "convicted of or pleaded guilty to a sexually oriented offense prior to January 1, 1997, if the person was not sentenced for the offense on or after January 1, 1997, and if, on or after January 1, 1997, the offender is serving a term of imprisonment in a state correctional institution, the department of rehabilitation and correction shall determine whether to recommend that the offender be adjudicated as being a sexual predator."
In R.C. 2950.09(C)(2)(b) the statute provides for notice of the sexual predator hearing:
 (C)(2)(b) If the court schedules a hearing under division (C)(2)(a) of this section, the court shall give the offender and the prosecutor who prosecuted the offender for the sexually oriented offense, or that prosecutor's successor in office, notice of the date, time, and place of the hearing. If the hearing is to determine whether the offender is a sexual predator, it shall be conducted in the manner described in division (B)(1) of this section regarding hearings conducted under that division and, in making a determination under this division as to whether the offender is a sexual predator, the court shall consider all relevant factors, including, but not limited to, all of the factors specified in division (B)(2) of this section. After reviewing all testimony and evidence presented at the sexual predator hearing and the factors specified in division (B)(2) of this section, the court shall determine by clear and convincing evidence whether the offender is a sexual predator. If the court determines that the offender is not a sexual predator, it also shall determine whether the offender previously has been convicted of or pleaded guilty to a sexually oriented offense other than the offense in relation to which the hearing is being conducted. (Emphasis added.)
For comparison purposes, we note that R.C. 2950.09(B)(1) states:
 (B)(1) Regardless of when the sexually oriented offense was committed, if a person is to be sentenced on or after January 1, 1997, for a sexually oriented offense that is not a sexually violent offense, or if a person is to be sentenced on or after January 1, 1997, for a sexually oriented offense that is a sexually violent offense and a sexually violent predator specification was not included in the indictment, count in the indictment, or information charging the sexually violent offense, the judge who is to impose sentence upon the offender shall conduct a hearing to determine whether the offender is a sexual predator. The judge shall conduct the hearing prior to sentencing and, if the sexually oriented offense is a felony, may conduct it as part of the sentencing hearing required by section 2929.19 of the Revised Code. The court shall give the offender and the prosecutor who prosecuted the offender for the sexually oriented offense notice of the date, time, and location of the hearing. At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator. The offender shall have the right to be represented by counsel and, if indigent, the right to have counsel appointed to represent the offender. (Emphasis added.)
When the Ohio Supreme Court in Gowdy, supra, reviewed the notice requirement in R.C. 2950.09(B)(1), it gave effect to the plain language of the statute and concluded that the notice provision of R.C.2950.09(B)(1) demands strict compliance. The court noted that to hold otherwise would make the sexual predator hearing perfunctory in nature and would deny defendant the rights guaranteed him under the statute. The court also reached the conclusion that such exceptional circumstances were present that despite the failure to raise this issue before the trial court, the lack of notice to the defendant constituted plain error.
The Gowdy court concluded by holding:
 Accordingly, we hold that the notice requirement for sexual offender classification hearings under R.C. 2950.09(B)(1) is mandatory. Notice of the sentencing hearing is not sufficient notice of the sexual offender classification hearing. Absent compliance with the mandatory notice provision, defendant's classification as a sexual predator must be vacated and the matter remanded to the trial court for a sexual offender classification hearing with proper advance notice of the hearing issued to the parties.
As the appellant points out, both 2950.09(B)(1) and R.C. 2950.09(C)(2)(b) use identical language when setting forth the notice requirements. While we are sympathetic to the argument that the appellant must have had notice because he, his counsel, and his expert witness were present at and participated in the hearing, we are constrained by the holding inGowdy to remand this case for a new sexual predator hearing. There is no evidence in the record that the appellant received either oral or written notice of the actual hearing date, time and location.
The appellant's first assignment of error is well taken.
The appellant's second assignment of error:
 THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE BY CLEAR AND CONVINCING EVIDENCE, THAT APPELLANT IS "LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
This assignment of error is moot pursuant to App.R. 12.
Judgment reversed and remanded for new sexual offender classification hearing.
This cause is reversed and remanded.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
ANNE L. KILBANE, J., and DIANE KARPINSKI, J., CONCUR.